BANK OF AMERICA, N.A., trustee,[1] *vs.* FRANCIS SWEENEY & others.[2] November 21, 2007. *Trust,* Reformation, Charitable trust, Remainder interests, Taxation.

The trustee of the Zephrine A. Anderson Revocable Trust (trust) commenced this action in the county court, seeking reformation of the trust. The trustee argues that the settlor intended to create a charitable remainder unitrust in compliance with § 664(d) of the Internal Revenue Code (I.R.C.) and regulations promulgated thereunder, but due to mistake, the trust fails to comply with all applicable requirements.[3] A single justice reserved and reported the case to the full court. We agree that the proposed reformation is warranted.

The facts are not in dispute.[4] The settlor, Zephrine A. Anderson, executed the trust instrument in October, 1970, and an amendment thereto in August, 1973. The trust became irrevocable on the settlor's death in 1974. The trust provides in relevant part that the trustee shall pay "equally, share and share alike" to a group of named individual beneficiaries "five percent (5%) of the net fair market value of the then remaining assets in this trust fund, valued annually, or the amount of the trust income (other than capital gains), whichever is lower." When all the individual beneficiaries have died, the trustee is directed to distribute the principal and any remaining income equally among certain charitable remainder beneficiaries.

"A charitable remainder trust provides for a specified distribution, at least annually, to one or more beneficiaries, at least one of which is not a charity, for life or for a term of years, with an irrevocable remainder interest in one or more charities." *Putnam* v. *Putnam*, 425 Mass. 770, 771 (1997). Such a trust is entitled to a tax exemption if it complies with certain requirements. I.R.C. § 664(c), (d). Treas. Reg. § 1.664-3 (2006). As written, the trust here fails to comply with these requirements because it does not expressly require the charitable beneficiaries to be qualifying organizations under I.R.C. § 170(c); it does not provide a remedy for an incorrect valuation of the net market value of trust assets; it does not provide for proration of the unitrust amount in the

---

[1]Of the Zephrine A. Anderson Revocable Trust.

[2]Eileen Sweeney Wright, Donna Lee Johnson, Edward Sherman, William Leary, Eugene A. Lavoie, Shriners' Hospital for Children, St. Joseph's Indian School, FOR Community Services, Inc./Sunshine Village, the Attorney General, and the Commissioner of Internal Revenue.

[3]In its complaint, the trustee also intially requested correction of an alleged scrivener's error by which the St. John's Indian School, a named beneficiary, was misidentified as St. Joseph's Indian School. The trustee later withdrew that request because it asserted that no school by either name currently exists. We issued an order directing the trustee to produce credible and sufficient evidence to support its allegations concerning the existence and identity of this beneficiary. In response, the trustee submitted certified records from the Arizona Corporation Commission and an affidavit from a church deacon knowledgeable about the St. John's Indian School, which indicate that no school by either name is currently in existence. As the trustee has withdrawn its request for reformation with respect to this beneficiary, we need not act on it. Nothing we decide today diminishes the interest of this beneficiary or resolves the proper disposition of any trust property or income that would have gone to this beneficiary.

[4]All living individual beneficiaries, the charitable beneficiaries that are currently in existence, and the Attorney General have admitted the factual allegations in the complaint and assented to the relief requested. The Commissioner of Internal Revenue was served with a copy of the complaint but has not appeared in these proceedings. The school, being no longer in existence, was not served. See note 3, *supra*.

event of a short taxable year; it does not indicate whether additional contributions are permitted or prohibited, and if they are permitted, how they would affect the unitrust amount; and it does not require compliance with private foundation rules. The proposed reformation would remedy these shortcomings by inserting what appears to be standard language tailored to the requirements of the I.R.C. and the regulations.

"A trust instrument may be reformed under Massachusetts law if, because of a mistake, it fails to conform to the settlor's intent." *Fleet Nat'l Bank* v. *Wajda*, 434 Mass. 1009, 1010 (2001), quoting *Walker* v. *Walker*, 433 Mass. 581, 587 (2001). In prior cases concerning charitable remainder unitrusts under I.R.C. § 664(d)(2), we have allowed trust reformation where administration of the trust as drafted "would considerably deplete the amounts likely to be available for the charities." *Putnam* v. *Putnam, supra* at 773. See *Fleet Nat'l Bank* v. *Wajda, supra* at 1010 (reforming trust in order to comply with I.R.C. where "the respective interests of the life and charitable remainder beneficiaries . . . will be greatly diminished by the imposition of taxes"). It is clear on this record that the settlor intended to establish a charitable remainder unitrust that complies with the I.R.C. and regulations. The basic structure of the trust bears the indicia of a charitable remainder unitrust, and all parties agree that is what the settlor intended. However, as discussed, the trust fails to comply with all the requirements of Federal tax law, frustrating the settlor's intent, increasing the tax burden on her estate, and reducing the amount available for the charities to which she intended to donate. The proposed reformation would simply effectuate the settlor's intent.

The case is remanded to the county court, where a judgment shall enter reforming the trust as requested in the complaint and exhibit C to the complaint, except that the beneficiary identified as "St. Joseph's Indian School" shall remain so identified, the trustee having withdrawn its request for reformation in that regard. See note 3, *supra*.

*So ordered.*

The case was submitted on briefs.

*John D. Stuebing, Karen L. McKenna, & Melissa A. Potvin* for the plaintiff.